**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOEL ORELLANA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13177** |
| **JASON KENT, WARDEN** | **SECTION "T"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* **28 U.S.C. § 2254(e)(2)**.[1]

## I.    Factual and Procedural Background

The petitioner, Joel Orellana ("Orellana"), is a convicted inmate incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2] On February 3, 2011, Orellana was indicted by an Orleans Parish Grand Jury for the aggravated rape of a known juvenile.[3] Orellana was accused of touching and penetrating the vagina of M.C., age nine, on several occasions while M.C. was staying with her cousin, who at the time was Orellana's girlfriend.[4] He entered a plea of not guilty on March 23, 2011.[5]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 2 of 3, Indictment, 2/3/11; Grand Jury Return, 2/3/11. In accordance with La. Rev. Stat. Ann. § 46:1844(W)(1), the Louisiana courts refer to the victim by her initials. This Court will do the same.

[4] Because Orellana entered a guilty plea, the factual details of the crime are limited. *See* St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief, Exhibits 4 & 5, 1/18/14 (dated 12/24/13).

[5] St. Rec. Vol. 2 of 3, Minute Entry, 3/23/11.

On February 14, 2012, Orellana was brought to trial before a jury.[6]  However, after testimony from the child services interviewer, the trial was recessed and plea discussions were held outside of the jury's presence.  That same day, Orellana withdrew his former plea and entered a plea of guilty to the amended charge of attempted aggravated rape of a juvenile.[7]  Pursuant to the agreement, the state trial court sentenced Orellana that day to 25 years in prison at hard labor without benefit of parole, probation, or suspension of sentence.[8]  Orellana was advised of the sex offender registration requirements, and the defense acknowledged that Orellana could be deported if he was not legally in the country.

Orellana's conviction was final under federal law thirty (30) days later, on March 15, 2012, because he did not timely seek reconsideration of the sentences or move for leave to appeal.  La. Code Crim. P. art. 914;[9] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

More than one year and nine months later, on December 24, 2013, Orellana signed and submitted an application for post-conviction relief asserting the following claims:[10] (1) the medical evidence was insufficient to prove the victim's claims; (2) the conviction was unconstitutional

---

[6]St. Rec. Vol. 2 of 3, Trial Minutes, 2/14/12.

[7]St. Rec. Vol. 2 of 3, Plea Minutes, 2/14/12; Plea of Guilty, Waiver of Rights, 2/14/12; *see* Indictment, as amended 2/14/12; St. Rec. Vol. 1 of 3, Plea Transcript, 2/14/12.

[8]St. Rec. Vol. 2 of 3, Plea Minutes, 2/14/12; Plea of Guilty, Waiver of Rights, 2/14/12; *see* Indictment, as amended 2/14/12; St. Rec. Vol. 1 of 3, Plea Transcript, 2/14/12.

[9]Louisiana law requires a criminal defendant to move for leave to appeal within 30 days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence.  La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period.  *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[10]St. Rec. Vol. 2 of 3, Application for Post- Conviction Relief, 1/8/14 (dated 12/24/13).

because he was forced to accept the plea under threat of a life sentence; (3) he was denied effective assistance of counsel; (4) the statute creating the offense was unconstitutional based on insufficient proof; (5) the state trial court exceeded its jurisdiction by allowing the unfounded case to get to the point of trial and plea bargain.

After several delays and receipt of a response from the State, on July 14, 2014, the state trial court denied the application finding the claims waived, untimely, barred from review, and otherwise meritless.[11]  On September 25, 2014, the Louisiana Fifth Circuit denied Orellana's related writ application finding no error in the state trial court's ruling.[12]  Orellana did not seek review of the appellate court's ruling.

Inexplicably, on November 19, 2014, the state trial court issued a separate ruling on Orellana's application for post-conviction relief finding the fourth claim barred from review and the remaining claims meritless.[13]  Orellana did not seek review of this ruling.

More than eighteen months later, on June 1, 2016, Orellana submitted to the state trial court a petition for writ of habeas corpus claiming that he recently discovered that the charge of attempted aggravated rape of a juvenile did not exist and he was convicted and sentenced under an incorrect statute.[14]  On June 14, 2016, the state trial court denied the petition because the charge was legally valid.[15]

---

[11]St. Rec. Vol. 2 of 3, Trial Court Order, 7/14/14; State's Response, 5/30/14; *see also* Trial Court Order, 2/19/14; Letter to Court, dated 5/6/14; Trial Court Order, 5/23/14; Minute Entry, 6/25/14.

[12]St. Rec. Vol. 2 of 3, 5th Cir. Order, 14-KH-623, 9/25/14.  The State failed to provide a copy of the writ application.

[13]St. Rec. Vol. 2 of 3, Trial Court Order, 11/19/14.

[14]St. Rec. Vol. 1 of 3, Petition for Writ of Habeas Corpus, 6/6/16 (dated 6/1/16).

[15]St. Rec. Vol. 1 of 3, Trial Court Order, 6/14/16.

On July 26, 2016, the Louisiana Fifth Circuit denied Orellana's related writ application finding the petition sought untimely post-conviction relief, citing La. Code Crim. P. art. 930.8.[16]

On January 12, 2018, the Louisiana Supreme Court denied Orellana's subsequent writ application finding his post-conviction application was untimely under La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[17]  The Court also advised Orellana that he had now exhausted his state court post-conviction review.

On January 25, 2018, Orellana submitted a motion to the state trial court seeking a copy of the transcript of his plea hearing.[18]  The state trial court denied the motion on February 1, 2018, finding that Orellana was beyond the deadline for seeking post-conviction relief and had shown no particularized need for the transcript.[19]  On August 28, 2018, the Louisiana Fifth Circuit granted Orellana's writ application and directed the state trial court to provide him with the transcript.[20]

On September 26, 2018, the State sought review of this ruling in the Louisiana Supreme Court.[21]  In the meantime, on August 29, 2018, the state trial court issued an order to have the transcript prepared by the court reporter.[22]  The transcript was sent to Orellana on September 19, 2018.[23]

---

[16]St. Rec. Vol. 1 of 3, 5th Cir. Order, 16-KH-400, 7/26/16.  The State failed to provide a copy of the writ application.

[17]St. Rec. Vol. 1 of 3, La. S. Ct. Order, 2016-KH-1610, 1/2/18; La. S. Ct. Letter, 2016-KH-1610, 8/23/16; St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 16-KH-1610, 8/23/16 (dated 8/8/16).

[18]St. Rec. Vol. 1 of 3, Motion for Production, 1/30/18 (dated 1/25/18).

[19]St. Rec. Vol. 1 of 3, Trial Court Order, 2/1/18.

[20]St. Rec. Vol. 1 of 3, 5th Cir. Order, 18-KH-439, 8/28/18.  The State failed to provide a copy of this writ application.

[21]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 18-KK-1610, 9/26/18; St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2018-KK-1603, 9/26/18.

[22]St. Rec. Vol. 2 of 3, Trial Court Order, 8/29/18.

[23]St. Rec. Vol. 2 of 3, Letter to Orellana, 9/19/18.

Soon thereafter, on October 4, 2018, Orellana submitted a motion to the state trial court seeking to correct his sentence and asserting claims that his interpreter was inadequate and he was not advised of the rights he was waiving during the guilty plea.[24]  On October 11, 2018, the state trial court denied the motion finding that Orellana failed to show error in his sentence.  In addition, he could not assert substantive claims because he had exhausted post-conviction review based on the Louisiana Supreme Court's prior order.[25]

On January 8, 2019, the Louisiana Fifth Circuit denied Orellana's related writ application finding no error in the state trial court's ruling and holding that Orellana's application was barred from review under La. Code Crim. P. art. 930.4.[26]

That same day, January 8, 2019, the Louisiana Supreme Court finally issued its order granting the State's 2018 writ application and reversing the Louisiana Fifth Circuit's mandate that Orellana receive a transcript copy, which had long since been delivered to him.[27]

On January 14, 2019, Orellana submitted a writ application to the Louisiana Supreme Court seeking review of the Louisiana Fifth Circuit's January 8, 2019, order.[28]  On October 1, 2019, the Louisiana Supreme Court denied the application without stated reasons.[29]

---

[24]St. Rec. Vol. 1 of 3, Motion to Correct Illegal Sentence, 10/9/18 (dated 10/4/18).

[25]St. Rec. Vol. 1 of 3, Trial Court Order, 10/11/18.

[26]St. Rec. Vol. 1 of 3, La. 5th Cir. Order, 18-KH-635, 1/8/19.  The State failed to provide a copy of this writ application.

[27]St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2018-KH-1603, 1/8/19.

[28]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 19-KH-212, 2/7/19 (dated 1/14/19); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2019-KH-212, 2/7/19.

[29]St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2019-KH-0212, 10/1/19.

## II.     **Federal Petition**

On October 15, 2019, the clerk of this Court filed Orellana's federal petition for habeas corpus relief in which he asserted the following grounds for relief:[30] (1) the interpreter failed adequately to convey the conversations in court rendering his conviction unconstitutional; and (2) he was not properly advised of the rights he was waiving before he entered the guilty plea.

The State filed a response in opposition asserting that Orellana's federal petition should be dismissed as untimely filed and alternatively, the claims asserted are in procedural default.[31]

## III.     **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[32] applies to Orellana's petition, which is deemed filed in this Court under the mailbox rule on October 10, 2019.[33] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies

---

[30]Rec. Doc. No. 1.

[31]Rec. Doc. No. 11.

[32]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[33]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court received and filed Orellana's petition on October 15, 2019, when it was received. Orellana signed and dated the memorandum attached to the form petition on October 10, 2019. This is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing to a federal court. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002).

and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record shows that Orellana's petition was not timely filed under the AEDPA and his claims are procedurally defaulted as argued by the State.  For the following reasons, his petition should be dismissed as time-barred.

## IV.    <u>Statute of Limitations</u>

The AEDPA codified in 28 U.S.C. § 2244(d)(1)(A) requires a petitioner to bring his § 2254 claim within one year of the date the state court conviction became final.[34]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As stated above, Orellana's conviction was final under federal law on March 15, 2012, when he did not seek review of his guilty plea or sentence.  Pursuant to § 2244, Orellana had one year from that date, or until March 15, 2013, to timely file a federal petition for habeas corpus relief, which he did not do.  Thus, literal application of the statute would bar Orellana's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

---

[34]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
    A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
    C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

A.    <u>**Statutory Tolling**</u>

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state court pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir.

8

2001), *overruled on other grounds by Carey*, 536 U.S. at 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In addition, efforts like those made by Orellana, to obtain copies of documents and transcripts do <u>not</u> constitute other collateral review for purposes of the AEDPA tolling calculation. *See Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather support and transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

In Orellana's case, the AEDPA filing period began to run on March 16, 2012, the day after his conviction was final under federal law, and continued to run uninterrupted until March 15, 2013, when it expired. The record reflects that Orellana had no properly filed state court application for post-conviction relief or other collateral review (or any other pleading) pending in the state courts during that time period.

Orellana did not submit a state court post-conviction application until December 24, 2013, which was more than nine months after the AEDPA filing period expired. The Court also notes

that, on May 30, 2013, also after the one-year AEDPA deadline, Orellana wrote a letter to the clerk of the state trial court asking for assistance in overturning his conviction.[35]  He was advised that his letter was not a proper means of corresponding with the trial court.[36]  This letter exchange was not a properly filed or pending state application for post-conviction relief.

In either instance, Orellana is not entitled to renewal of the filing period or other tolling benefits for pleadings filed after the AEDPA one-year limitations period has already expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (a filing made after the expiration of the AEDPA one-year filing period does not renew or extend the AEDPA filing period or provide a petitioner any tolling benefits); *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015) (same).  The Court also notes that, after resolution of that application, Orellana allowed more than another five hundred days to pass before filing his federal petition during which he had no properly filed state application for post-conviction relief or other collateral review.

Orellana has failed to establish grounds for statutory tolling.  Orellana's federal petition deemed filed under the mailbox rule on October 10, 2019, was filed almost six years and seven months after the AEDPA filing period expired on March 15, 2013.  His federal petition was not timely filed and should be dismissed with prejudice for that reason.

### B.    No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling of the AEDPA limitations period where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 419; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162

---

[35]St. Rec. Vol. 2 of 3, Letter to Clerk of Court, 5/31/13 (dated 5/30/13).

[36]St. Rec. Vol. 2 of 3, Letter to Orellana, 7/18/13.

F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  However, equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary circumstance outside of his control from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *see Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation omitted) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's seventeen-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In this case, Orellana claims that he was born in Honduras and speaks Spanish which presented barriers to his pursuing post-conviction relief.  He claims that, in prison, he could not locate Louisiana law books written in Spanish and had other non-specific difficulty obtaining assistance in Spanish.  However, the inability to speak or read the English language is not uncommon in the prison system and does not warrant equitable tolling.  *See United States v. Teshima-Jiminez*, No. 97cr-087, 1999 WL 600326, at *2 (E.D. La. Aug. 5, 1999) ("lack of legal research material and assistance" and "little English spoken" were not rare and exceptional circumstances to justify equitable tolling); *Perez v. Johnson*, No. 01CV0013, 2001 WL 804524, at *4 (N.D. Tex. July 6, 2001); *Nguyen v. Merrau*, No. 98-2038, 1998 WL 556628, at *2 (N.D. Cal. Aug. 24, 1998) (equitable tolling not justified where based on "lack of fluency in the English language and [petitioner's] alleged inability to find a jailhouse lawyer").

In addition, the "inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002);  *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759, at *1 (10th Cir. Dec. 13, 1999) (Table, Text in Westlaw); *Zinsou v. Dretke*, No. 04-CV-556, 2004 WL 2381243, at *1 (N.D.Tex.2004) (citing *Cobas*, 306 F.3d at 444).  Furthermore, "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, the lack of proficiency is insufficient to justify equitable tolling of the statute of limitations." *Cobas*, 306 F.3d at 444; *Rodriguez v. Cain*, Civ. A. No. 06-815, 2007 WL 4522497, at *10 (E.D. La. Dec. 17, 2007) ("[U]nder the relevant precedent, an inability or significant difficulty speaking, reading and writing, or understanding English does not, by itself, justify equitable tolling in habeas cases, where such lack of proficiency has not prevented the petitioner from accessing the courts." (collecting cases)).

Orellana's *pro se* state court filings over the years, even if with assistance (which is not indicated on the pleadings themselves), reflect his clear ability to pursue his rights and access the courts. Any professed language barrier would not be sufficient to warrant equitable tolling in this case. To the extent he suggests difficulty gaining assistance in the prison system, his claim also is unavailing for the same reasons. *See also Gonzales v. Wilkinson*, 269 F. App'x. 481, 486 (5th Cir. 2008) (lack of assistance, even for a *pro se* prisoner who did not fully comprehend English, was not considered an extraordinary circumstance so as to warrant equitable tolling); *accord Webster v. Stephens*, No. 13cv859, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) ("It is well settled . . . that a petitioner's *pro se* status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999))).

Orellana has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. For the foregoing reasons, Orellana has not established diligence in his efforts to preserve his rights or to timely file a federal habeas petition. He is not entitled to equitable tolling.

### C.    No Other Excuse or Exception to Time Bar

Orellana has asserted no valid other excuse or exception to avoid the expiration of the one-year AEDPA limitations period in this case, and his petition must be dismissed as untimely. He has not alleged, asserted nor provided a credible showing of his actual, or factual, innocence based on newly discovered evidence in any way to excuse this untimely filed federal habeas petition. *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324). No such claim or high-

13

level of proof has been offered by Orellana to this Court, nor has any such claim been established or exhausted in the state courts.

Although not asserted, any suggestion by Orellana that he was denied effective assistance of trial counsel would not provide excuse for his untimely federal filing. The United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), and their progeny, simply do <u>not</u> provide a basis for review of his untimely filed federal petition. In *Martinez*, the Court held that a state court imposed "'<u>procedural default</u> will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at <u>trial</u> if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 569 U.S. at 417 (quoting *Martinez*, 566 U.S. at 17) (emphasis added).

In this case, however, the bar at issue in this federal court arises from Orellana's failure to meet the <u>federal</u> limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do <u>not</u> address or provide an excuse for the untimely filing of a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report). As already discussed, these cases also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year filing period under the AEDPA. *See In re Paredes*, 587 F. App'x at 813; *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Thus, neither *Martinez* nor *Trevino* excuse the untimely filing of Orellana's federal petition.

Orellana's federal petition deemed filed on October 10, 2019, was not timely filed within the one-year AEDPA statute of limitations period which expired on March 15, 2013. There is no

statutory tolling, equitable tolling or other exception applicable to his untimely filing, and the petition should be dismissed with prejudice as time-barred.

## V.    <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Orellana's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[37]

New Orleans, Louisiana, this ___29th___ day of June, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[37]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.