UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ORELLANA | CIVIL ACTION |
| VERSUS | NO. 19-13177 |
| KENT ET AL | SECTION "L" |

**ORDER AND REASONS**

Pursuant to 28 U.S.C. § 636, the Court has reviewed state prisoner Joel Orellana's ("Petitioner's") *pro se* petition for habeas relief under 28 U.S.C. § 2254, R. Doc. 1, the Magistrate Judge's Report and Recommendation ("Report"), R. Doc. 14, the Petitioner's timely objections thereto, R. Doc. 15, and the record.[1] Further, the Court has conducted a *de novo* review of the magistrate's findings and recommendations. *See Zapata v. Cain*, 614 F. Supp. 2d 714, 715 (E.D. La. 2007). While the Court agrees with the findings in the Report and its recommendation that Orellana's petition be dismissed as time-barred, it will address Petitioner's objection to the Magistrate Judge's determination that he is not entitled to equitable tolling. R. Doc. 15 at 3-5.

Under the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA's") statute of limitations requirement, state prisoners must bring their claims in federal court within one year of the date that their state court conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). AEDPA provides, however, that this limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the

---

[1] The Court liberally construes Orellana's *pro se* filings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

pertinent judgment or claim." *Id.* § 2244(d)(2).

In this case, Orellana's conviction became final for federal habeas purposes on March 15, 2012, thirty days after the expiration of the period to seek appeal of his conviction or sentence. R. Doc. 14 at 2. On December 24, 2013, more than 1 year and 9 months later, Orellana filed a petition in state court for post-conviction relief.[2] After the state trial and intermediate appeals courts denied Orellana's state habeas petition, the Louisiana Supreme Court, on January 12, 2018, denied the petition as untimely. *See* No. 16-KH-1610, *State ex rel. Joel Orellana v. State of Louisiana*, (La. 1/12/18). The Louisiana Supreme Court explained that petitioner had "fully litigated" his claims and that the "denial is final." *Id.* at 1. On October 10, 2019, over 1 year and 8 months after the decision by the Louisiana Supreme Court, Orellana signed and dated a memorandum in support of his federal habeas petition, which was mailed to the Clerk of this Court that same day.[3] Based on the foregoing facts and accounting for AEDPA's statutory tolling provision, Petitioner's federal habeas petition was filed well after the expiration of AEDPA's 1-year limitations period.

In his § 2254 petition, however, Orellana contended that his petition was not time-barred because he is a native Spanish speaker and that, while incarcerated, he could not find any Louisiana law books written in Spanish, nor anyone who could read and interpret for him the English-language version of these legal texts. R. Doc. 1 at 5. The Magistrate Judge concluded that Petitioner's assertions did not entitle him to equitable tolling, and therefore his petition was time-barred. R. Doc. 14 at 13-14 (explaining that "Orellana's *pro se* state court filings over the

---

[2] St. Rec. Vol. 2 of 3, Application for Post- Conviction Relief, 1/8/14 (dated 12/24/13).

[3] Under the prison mailbox rule, a submission by a *pro se* inmate is deemed filed on the date that the inmate gives the document to prison authorities to be mailed to the court rather than the date it is filed with the court. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Under this rule, it appears from the record here that October 10, 2019 is the earliest date that Orellana's federal habeas petition could be deemed filed with this Court.

years, even if with assistance (which is not indicated on the pleadings themselves), reflect his clear ability to pursue his rights and access the courts," and thus "[a]ny professed language barrier would not be sufficient to warrant equitable tolling in this case").

Orellana filed objections to the Report. He argues that he is entitled to equitable tolling because he "has shown that he was actively misled into pleading guilty by the introduction of the Boykin Examination transcript[,] which clearly supports his contention that he could not understand the English language." *Id.* at 3-4.

"Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). It is reserved for "rare and exceptional circumstances." *Id.* (quoting *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009)). A petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Court finds that Petitioner has failed to allege or show that he diligently pursued his rights in filing his federal habeas petition. For Petitioner's argument to be availing, he must have demonstrated diligence, at the very least, during a period that, if tolled, would make his federal petition timely. Here, Petitioner argues that he could not access Louisiana law texts in Spanish or translation services. He does not specify whether this occurred throughout his period of incarceration or only for some portion of that time. But even assuming he faced these obstacles for the first 19 months of his incarceration, *i.e.*, until he filed his state habeas petition, Orellana was able to submit a *pro se* state habeas petition and multiple subsequent writ applications. Petitioner personally signed these filings and certified that he had drafted them. *See e.g.*, St. Rec.

Vol. 1 of 3, Petition for Writ of Habeas Corpus Based Upon Newly Discovered Evidence. And the Court's review of these documents reveals that Petitioner was able to adequately prosecute his case. There was thus no language barrier during the pendency of Orellana's state habeas proceedings that prevented him from accessing the courts. Although there may or may not have been Spanish-language materials or translation services available to Orellana (Petitioner does not specify), it is clear that he was able to submit multiple filings in English in support of his state habeas application.

Despite demonstrating the ability to pursue state habeas proceedings, Petitioner waited more than 20 months from the date those proceedings concluded to file his federal habeas petition—a period that well exceeds AEDPA's 1-year limitations period. Orellana fails entirely to address this specific delay; in other words, he does not allege—let alone substantiate through record evidence—that he demonstrated due diligence with respect to this time period. Granting Orellana's *pro se* filings the liberal construction to which they are entitled, he has not even attempted to explain how his inability to access legal materials in his native language or an interpreter prevented him from timely asserting him rights considering that he was able to prosecute state habeas proceedings.

Petitioner's reliance on the Ninth Circuit's decision in *Mendoza v. Carey* is misplaced. *See* 449 F.3d 1065 (9th Cir. 2006). There, in a 2-1 decision, the appeals court held that a prisoner who "alleged that he lacks English language ability, was denied access to Spanish-language legal materials, and could not procure the assistance of a translator during the running of the AEDPA limitations period" had "alleged facts that, if true, may entitle him to equitable tolling." *Id.* at 1071. The court remanded for further development of the record. *Id.* at 1071. While the Ninth Circuit found that the prisoner had demonstrated the presence of an extraordinary circumstance,

it noted that the question of due diligence was "unclear" from the limited record. *Id.* at 1071 n.6. In his habeas petition, the prisoner there had alleged and provided evidence of his efforts to obtain Spanish-language material from the prison law library and his eventual retention of bilingual jailhouse lawyers who assisted him in filing his state and federal petitions. But the timeline of his efforts was uncertain. The Ninth Circuit thus could not ascertain whether the prisoner had exercised due diligence "during the *relevant* time period"—that is, during the period the prisoner sought to toll such that his federal petition would be timely—and advised the district court to clarify this factual ambiguity on remand. *Id.*

The Fifth Circuit has not directly weighed in on whether the alleged barriers to accessing the courts present in *Mendoza*—which, in many respects, are analogous to those here—constitute an "extraordinary circumstance" for purposes of equitable tolling. But even assuming that the allegations here could amount to an extraordinary circumstance that prevented Orellana from asserting his rights—prong two of the equitable tolling analysis—Orellana has, as discussed, failed to allege prong one—due diligence during that same period. Indeed, citing *Mendoza*, the Ninth Circuit has repeatedly found that prisoners who merely alleged that they could not obtain legal assistance or legal materials in Spanish—*i.e.*, prisoners who alleged extraordinary circumstances for purposes of equitable tolling—nonetheless failed to allege the requisite diligence in pursuing their rights. *Garcia v. Yates*, 422 F. App'x 584, 585 (9th Cir. 2011) ("Although Garcia has submitted some evidence that he attempted to procure both legal assistance and legal materials in Spanish, he has not shown that, throughout the period for which tolling is sought, he was diligently pursuing 'either legal materials in his own language or translation assistance from an inmate, library personnel, or other source.' (quoting *Mendoza*, 449 F.3d at 1070)); *accord Diaz v. Campbell*, 411 F. App'x 975, 976 (9th Cir. 2011) (citing

5

*Mendoza*, 449 F.3d at 1068-70). Here, Orellana utterly fails explain how he was able to access state courts sitting in habeas but then failed to assert his federal habeas rights for 20 months after his state habeas proceedings ended. This glaring inadequacy in his pleading dooms any argument that he demonstrated due diligence.

Furthermore, viewed another way, Petitioner has failed to allege extraordinary circumstances. Unlike in *Mendoza*, where the prisoner alleged that he required the assistance of fellow inmates to file his habeas petitions and was unable to pursue his rights until he procured such services, Orellana evidently signed and filed both his state and federal habeas petitions. Because Orellana demonstrated that he could, in fact, pursue state habeas proceedings and because Orellana has not expressly asserted that he subsequently faced a barrier to pursuing his federal habeas petition, it cannot be said that Orellana's professed inability to access legal assistance or materials in Spanish barred him from accessing the courts or meaningfully asserting his rights.

In sum, Orellana has not shown entitlement to equitable tolling. Consequently, his federal habeas petition is time-barred and must be dismissed with prejudice and without the need for an evidentiary hearing. *See* 28 U.S.C. § 2244(d)(1)(A).[4]

For these reasons,

**IT IS ORDERED** that Petitioner Joel Orellana's *pro se* Objections to the Magistrate Judge's Report and Recommendation, R. Doc. 15, are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner Joel Orellana's *pro se* federal habeas

---

[4] The Court notes that Petitioner lists two objections to the Magistrate's Report. The Court addressed the first objection above. The latter objection is a non-specific disagreement with the Report's determination that, besides his language-barrier argument, Orellana failed to assert any other valid excuse or exception to avoid application of AEDPA's limitations period. *Id.* at 6. However, in this section of his filing, Orellana does not assert any specific exception to AEDPA's time limitations. Rather, he cites only *Mendoza*, presumably in support of his argument that he is entitled to equitable tolling—an argument this Court has rejected. Thus, Petitioner's second objection, like his first, is not availing.

petition pursuant to 28 U.S.C. § 2254, R. Doc.1, is **DISMISSED** with prejudice as time-barred.

New Orleans, Louisiana, this 31st day of May, 2022.

*Eldon E. Fallon*
_____
**UNITED STATES DISTRICT JUDGE**